# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1282

_____

Frederick L. Pitchford,       *
     *
     Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the Eastern
     *    District of Arkansas.
John E. Potter, Postmaster General,      *
United States Postal Service,      *       [UNPUBLISHED]
     *
     Appellee.      *

_____

Submitted: August 7, 2003
Filed: August 7, 2003

_____

Before BOWMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Frederick L. Pitchford appeals the district court's[1] adverse grant of summary judgment in his employment-discrimination action, in which he alleged that the United States Postal Service (USPS) retaliated against him for previous protected activity and discriminated against him because of his race by reducing his work hours and by not converting a full-time position into two part-time positions. We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

We review de novo the grant of summary judgment, viewing the record in the light most favorable to Pitchford.  See Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002).  We conclude that Pitchford failed to establish a prima facie case of either race discrimination or retaliation.  See Taylor v. Southwestern Bell Tel. Co., 251 F.3d 735, 740 (8th Cir. 2001) (elements of race-discrimination claim); Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1134, 1136 (8th Cir.) (elements of retaliation claim), cert. denied, 528 U.S. 818 (1999).  His reduction of hours did not constitute an adverse employment action, given that he had refused offers of other work that would have provided him with the same number of hours.  See Jones v. Fitzgerald, 285 F.3d 705, 714 (8th Cir. 2002) (transfer or reassignment that involves only minor changes in working conditions and does not involve reduction in pay or benefits is not adverse action).  Further, as to the race-discrimination claim, Pitchford failed to show that similarly situated employees who were not members of the protected group were treated differently; and as to the retaliation claim, Pitchford failed to show a causal connection between his protected activity and the reduction of his hours.  Even if Pitchford established prima facie cases, he offered no evidence that USPS's reason for reducing his hours--complying with the 1996 budget--was untrue and that race discrimination or retaliation was the real reason.  See Rose-Maston v. NME Hosp., Inc., 133 F.3d 1104, 1108 (8th Cir. 1998) (plaintiff may prove pretext by showing that employer was more likely motivated by discriminatory reason or that employer's explanation is not worthy of credence).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.